Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6873 | **DATE** | 5/4/2011 |
| **CASE TITLE** | Tamara D. Brass vs. Earl Dunlap, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, plaintiff Tamara D. Brass's "Motion to Reconsider Memorandum Opinion Order Dated January 14, 2011" [62] is denied and defendant Cook County's "Motion for Clarification of the Memorandum Opinion Order Dated January 14, 2011" [64] is denied. The "Motion of Defendants Earl Dunlap and Brenda Welch to File an Additional Appearance of Counsel" [60] remains under advisement. Status hearing is set for 5/19/2011 at 10:00 a.m. for purposes of addressing the motion for additional appearance. At that time, the court will also address Brass's request that this court certify its January 14, 2011 Memorandum Opinion and Order for an immediate appeal. Parties are encouraged to discuss settlement.

■[ For further details see text below.]                                                                                               Notices mailed.

## STATEMENT

Plaintiff Tamara D. Brass ("Brass") has alleged that defendants Cook County, the Cook County Juvenile Temporary Detention Center ("JTDC"), Earl Dunlap, Transitional Administrator of the JTDC ("Dunlap"), and Brenda Welch, Deputy Transitional Administrator of the JTDC ("Welch") are liable under Title VII and § 1983 for harassing Brass, retaliating against Brass for engaging in protected activities, and terminating Brass's employment without just cause. (Dkt. No. 12.)

On January 14, 2011, the court granted defendant Cook County's motion to dismiss the Title VII and § 1983 claims alleged against Cook County and the JTDC, and granted defendants Dunlap and Welch's motion to dismiss the § 1983 claims alleged against them. (Dkt. Nos. 58, 59.) In relevant part, the court held that Brass failed to state a claim against the municipal defendants under either the *Monell* line of § 1983 cases or Title VII, because Cook County and the JTDC did not have control over Dunlap and Welch's actions in administering the JTDC and terminating Brass. The court further held that Brass failed to state a claim against Dunlap and Welch under § 1983, because Dunlap was explicitly appointed as "an agent of this Court" pursuant to the terms of the "AGREED ORDER APPOINTING A TRANSITIONAL ADMINISTRATOR" (No. 99 C. 3945, Dkt. No. 330 ¶ 2) and Welch was an employee of the court-mandated "Office of the Transitional Administrator" (*id.* ¶ 7.a.), therefore making them federal actors and not state actors. The court permitted Brass's Title VII claims against Dunlap and Welch to move forward.

Brass has filed a motion asking the court to reconsider its dismissal of her claims. (Dkt. No. 62.) Cook County has also filed a "motion for clarification," raising concerns about whether Dunlap and Welch are the proper defendants to the remaining Title VII claims, and whether Cook County has a duty to indemnify the "real party in interest" with respect to these remaining claims. (Dkt. No. 64.) The court addresses each motion separately in the analysis that follows.

| STATEMENT |
|---|

Brass's Motion to Reconsider

      Federal Rule of Civil Procedure 54(b) permits district courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims . . . at any time before the entry of a [final] judgment." Fed. R. Civ. P. 54(b). When a party seeks the court's reconsideration of an interlocutory order, the party's motion is deemed to have been filed pursuant to Rule 54(b). *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). "Motions for reconsideration—regardless of whether brought under Rule 54(b) or Rule 59(e)—serve a limited function, and are appropriate only to correct manifest errors of law or fact or to present newly discovered evidence." *Bullock v. Dart*, 599 F. Supp. 2d 947, 964 (N.D. Ill. 2009) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A manifest error of law is demonstrated by a court's "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Motions for reconsideration should not be used to introduce new theories or rehash old arguments, and are not appropriate when "[a]ll of the arguments and facts in [the] case were or should have been available to [the movant] prior to the . . . original ruling." *Id.*; *see also Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (Rule 59(e) "may not be used to raise novel legal theories that a party had the ability to address in the first instance").

      In its motion to dismiss, Cook County articulated its basic theory that "[t]he County has no right to control the actions of the federal agent appointed to run the JTDC . . . and, thus, as a matter of law the actions of the OTA cannot be deemed the actions of the municipality." (Dkt. No. 25 at 11.) The argument Brass raises now—that Cook County is nevertheless liable because it intentionally "delegated its authority when it entered into the Agreed Order" (Dkt. No. 62 ¶ 7)—is an argument that could have been raised, and to some extent was raised briefly, in response to Cook County's motion. (*See* Dkt. No. 29 at 7 ("Cook County chose Dunlap, and Dunlap made final policies on behalf of Cook County for the JTDC to bring Cook County into compliance with its settlement agreement.") and at 9-10 ("Cook County endowed Dunlap and Welch with absolute powers of the Superintendent of the JTDC via its settlement agreement between it an Jimmy Doe, *et al.*").) Further supplementing this argument at this point in the litigation is not procedurally proper, and does not suggest that this court's January 14, 2011 order contained any manifest errors of fact or law. While Brass's "delegation theory" may have some intuitive merit, Brass has failed to cite any controlling precedent applicable to the unique facts of this case. Whether Cook County intentionally "delegated" its final policy-making authority or abdicated its authority by "capitulat[ing]" to pressure from the *Doe* plaintiffs, as argued by Cook County (Dkt. No. 77 at 3), is a complex question that could have, and should have, been further addressed by Brass in her initial briefing. Moreover, Brass's attempt to now "offer the following supporting facts [including Chief Judge Timothy C. Evans's July 1, 2008 press release] as further proof that Cook County and the JTDC are amenable to suit" (Dkt. No. 62 ¶ 3), is also procedurally improper, as Chief Judge Evans's 2008 press release does not qualify as newly discovered evidence. Brass's additional argument that "the TA and the Deputy TA's status as a federal agent ended effective July 1, 2008, the day Chief Judge Evans exercised his power of appointment per the Illinois Legislature" is belatedly raised for the first time in Brass's reply brief in support of her motion to reconsider, and will not be considered by this court. (Dkt. No. 79 at 8.)[1] Finally, the court is not persuaded that Cook County's indemnification of Dunlap and Welch

---

[1.] This argument may be revisited, however, if properly raised to the court. The court takes judicial notice of the Seventh Circuit's concerns on appeal in *Doe v. Teamsters Local 700*, No. 10-2746 (7th Cir.), regarding the validity of the TA's 2007 appointment and whether the Office of the Chief Judge of the Circuit Court of Cook County legally assumed control over the JTDC in 2008. *Doe v. Teamsters Local 700*, No. 10-2746 (7th Cir. Feb. 17, 2011) (oral argument and order for supplemental briefing). This court will not rule out the possibility that a substantive ruling on these issues could potentially impact Brass's claims in this case.

warrants reconsideration of the court's decision to dismiss Cook County from this lawsuit. Brass's argument

that she is left "without any legal redress for wrongs committed against her" (Dkt. No. 79 at 3) is simply incorrect, as she still has a pending Title VII claim against Dunlap and Welch and has been granted permission to add *Bivens* claims against both Dunlap and Welch in her Second Amended Complaint. (*See* Dkt. Nos. 66, 76.)  For purposes of clarity, the court makes explicit that its dismissal of the claims against Cook County for failure to state a claim under Title VII and § 1983 was with prejudice.

With respect to the claims against Dunlap and Welch, Brass contends that the court "may have erred in interpreting that the Defendants waived their argument with respect to immunity." (Dkt. No. 62 ¶ 26.) Dunlap and Welch's response to Brass's pending motion confirms that the court did not misinterpret their intent to waive their immunity defense only for purposes of litigating their motion to dismiss. (*See* Dkt. No. 69 at 3 ("Defendants felt it was not appropriate, in their reply brief, to pursue the immunity argument made in their opening brief.").)  While Brass may be correct that "[t]he issue of immunity is essential to the disposition of this case" (Dkt. No. 62 ¶ 6), the court is not convinced that it erred in declining to rule on the merits of an affirmative defense that was not pursued or relied upon by Dunlap and Welch in support of their motion. As requested by Brass, the court makes explicit that its dismissal of the § 1983 claims against Dunlap and Welch for failure to state a claim was with prejudice.

Because Brass has not demonstrated that this court committed a manifest error of law or fact, or that newly discovered evidence requires a different outcome, the court denies Brass's motion to reconsider its January 14, 2011 order.

Cook County's Motion to Clarify

In denying Dunlap and Welch's motion to dismiss the Title VII claims alleged against them, the court found "that the [Office of the Transitional Administrator ("OTA")] and its agents are the only entities that can reasonably and realistically be considered Brass's employer" and held that "the OTA is the 'employer' of all JTDC personnel, the number of which easily satisfies Title VII's numerosity requirement" as set forth in 42 U.S.C. § 2000e(b). (Dkt. No. 59 at 14.)

Cook County does not ask the court to reconsider either of these determinations, but does ask the court to clarify a footnote in which the court stated,

> By its plain language, another provision of § 2000e(b) expressly "exclud[es] federal entities from its definition of employer." *Loeffler v. Frank*, 486 U.S. 549 (1988). However, Congress later amended Title VII to bring federal employees within its coverage. *Id.*; *see* 42 U.S.C. § 2000e-16(a). Dunlap and Welch have not argued in their motion to dismiss that their positions as agents for the federal court make them exempt from Title VII's provisions.

(*Id.* at 14, n.5.)  Cook County reads this language to mean the court "unequivocally determined that the Title VII claims were viable against Dunlap and Welch based *solely* on the determined applicability of 42 U.S.C. § 2000e-16(a)," and asks the court to confirm that this is true. (Dkt. No. 64 ¶ 4 (emphasis in original).) Applying § 2000e-16(c), Cook County then goes on to argue that "the real party in interest here is the federal district court as the 'department, agency, or unit' that created and empowers the Office of the Transitional Administrator" and that Dunlap and Welch are therefore not amenable to suit under Title VII. (*Id.* ¶¶ 9-10.) Although Cook County has been dismissed from this lawsuit, the court finds no prejudice to the remaining parties in allowing Cook County to intervene for purposes of clarifying Cook County's indemnification obligations to Dunlap and Welch under Title VII.

The court's statement in footnote 5 amounts to no more than unfortunate dicta. In their motion to dismiss, Dunlap and Welch had argued that they did not meet the statutory definition of "employer" under

| STATEMENT |
|---|

Title VII, because the OTA did not employ fifteen or more employees. Because § 2000e(b) includes an exemption for "the United States" as employer, the court believed it would be helpful to clarify that Dunlap and Welch were *not* relying on this exemption for purposes of their motion to dismiss. The court did not intend to imply that Brass was, in fact, a federal employee, nor did the court intend to suggest that Brass's Title VII claims were based on 42 U.S.C. § 2000e-16(a).

      The court is not of the opinion that 42 U.S.C. § 2000e-16(a) is appropriately applied in this case. Brass is not a federal employee working for a federal department, agency, or unit as set forth in § 2000e-16(a), which includes the United States military, its executive agencies, and the United States Postal Service and the Postal Regulatory Commission, among others. Rather, Brass is in the unique position of being a state employee working for a federal agent appointed pursuant to an agreed order under the direction of this court, who, in turn, is paid by the state for his efforts. (*See* No. 99 C. 3945, Dkt. No. 330 ¶ 7.b.) While it is extremely difficult to apply Title VII and § 1983 under these circumstances, the court believes it has reached a fair and just result, consistent with the purpose of Title VII and its statutory language. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974) ( "Congress enacted Title VII of the Civil Rights Act of 1964 . . . to assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex, or national origin."). In accordance with the above analysis, the court denies Cook County the relief requested in its motion for clarification.

      The "Motion of Defendants Earl Dunlap and Brenda Welch to File an Additional Appearance of Counsel" (Dkt. No. 60), requesting the court's leave for Kent Ray of the Cook County State's Attorney's Office Conflicts Counsel Unit to file an appearance on behalf of Dunlap and Welch, remains under advisement. As the court noted at the January 27, 2011 status hearing in this case, the court "would like to hear directly from Mr. Dunlap on that point." (1/27/2011 Hr'g Tr. at 15:10-12.) Status hearing is set for May 19, 2011 at 10:00 a.m. for purposes of addressing the motion for additional appearance. At that time, the court will also address Brass's request that this court certify its January 14, 2011 Memorandum Opinion and Order for an immediate appeal.

*James F. Holderman* (signature)