# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6873 | **DATE** | 12/20/2011 |
| **CASE TITLE** | Tamara D. Brass vs. Earl Dunlap, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "Motion of Defendants Earl Dunlap and Brenda Welch to Dismiss Counts III-VI and VIII-X of Plaintiff's Second Amended Complaint" [90] is granted in part and denied in part. Consistent with this court's previous orders [59, 89], Counts I, II, IV, VI, and VII of the Second Amended Complaint are stricken in their entirety, and Counts III and V are stricken to the extent they allege violations of 42 U.S.C. § 1983. Counts III and V remain pending against defendants Dunlap and Welch, to the extent these claims allege violations of Title VII. Counts VIII, IX, and X also remain pending.

The court rejects Dunlap and Welch's claim to absolute immunity from this lawsuit. In light of the pending appeals in *Coleman v. Cook County* (N.D. Ill. Case No. 10 C 2388; 7th Cir. Case No. 11-2669) (immunity issue) and *Doe v. Cook County* (N.D. Ill. Case No. 99-3945; 7th Cir. Case No. 10-2746) (addressing, in part, the court's jurisdiction to appoint Dunlap in 2007), this litigation is stayed pending further action by the United States Court of Appeals for the Seventh Circuit. This case is set for a report on status on 4/26/2012 at 9:00 a.m. The parties are encouraged to discuss settlement.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff Tamara D. Brass ("Brass") is a former employee of the Cook County Juvenile Temporary Detention Center ("JTDC") who has alleged that she suffered from "systematic and continuous harassment and retaliation" at the hands of certain supervisors, up to and including the termination of her employment on November 9, 2009. (Dkt. No. 76 ("2d Am. Compl.") at 2.) In her Second Amended Complaint, Brass has set forth claims based on Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").

Pending before the court is the "Motion of Defendants Earl Dunlap and Brenda Welch to Dismiss Counts III-VI and VIII-X of Plaintiff's Second Amended Complaint." (Dkt. No. 90.) Although Brass has once again named Cook County and the JTDC as defendants in her Second Amended Complaint, this court has previously dismissed all of Brass's Title VII and § 1983 claims against Cook County and the JTDC with prejudice. (*See* Dkt. Nos. 59, 89.) Accordingly, Counts I, II, and VII of the Second Amended Complaint are stricken. The court likewise has dismissed all of Brass's § 1983 claims against defendant Earl Dunlap, Transitional Administrator of the JTDC ("Dunlap"), and Brenda Welch, Deputy Transitional Administrator of the JTDC ("Welch"), with prejudice. (*Id.*) The court therefore strikes Counts IV and VI in their entirety,

and strikes Counts III and V to the extent these claims allege violations of § 1983. Counts III and V remain pending against Dunlap and Welch to the extent these claims allege violations of Title VII. Brass's *Bivens* claims for "First Amendment Retaliatory Discharge" (Counts VIII and IX) and "Fifth Amendment Due Process Violation" (Count X) also remain pending against Dunlap and Welch, as discussed below.

For purposes of the court's analysis, the court presumes familiarity with the background facts alleged in this case, as well as the complex relationship between Cook County, the JTDC, Dunlap, Welch, and this federal court. (*See* Dkt. No. 59 ("1/14/2011 Order") at 2-4 for further details.)

Dunlap and Welch first argue that all of Brass's claims against them must be dismissed, because Dunlap and Welch are immune from suit. The court respectfully disagrees. For the reasons set forth in this court's June 22, 2011 Memorandum Opinion and Order in the case of *Coleman v. Cook County* (N.D. Ill. Case No. 10 C 2388) (Dkt. No. 55), this court has found that Dunlap is not entitled to absolute immunity for his administrative actions in supervising, hiring, and firing JTDC employees. Dunlap and Welch make no new arguments in this case that persuade the court this conclusion is incorrect as a matter of law. The court therefore rejects Dunlap and Welch's claim to absolute immunity in this lawsuit.

Dunlap and Welch next argue that the court should not recognize a "freestanding" *Bivens* remedy for the constitutional violations alleged in Brass's Second Amended Complaint, and that Counts VIII, IX, and X should accordingly be dismissed. The Supreme Court has recognized nonstatutory remedies for constitutional violations caused by federal actors in select cases. *See Wilkie v. Robbins*, 551 U.S. 537, 549-50 (2007) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); *Davis v. Passman*, 442 U.S. 228 (1979); and *Carlson v. Green*, 446 U.S. 14 (1980)). The Court has also cautioned, however, that a "freestanding damages remedy for a claimed constitutional violation . . . is not an automatic entitlement." *Id.* at 550. Rather, "the decision whether to recognize a *Bivens* remedy" requires a court to consider (1) "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages" and (2) "any special factors counseling hesitation before authorizing a new kind of federal litigation." *Id.* The fact that "a federal right has been violated and Congress has provided a less than complete remedy for the wrong" does not, by itself, require the creation of a *Bivens* remedy. *Bush v. Lucas*, 462 U.S. 367, 373, 390 (1983).

In Counts VIII and IX, Brass alleges that Dunlap and Welch retaliated against her "for exercise of her First Amendment Right to communicate and complain of wrongdoings in the workplace." (2d Am. Compl. ¶¶ 81, 94.) Specifically, Brass alleges that she was retaliated against, harassed, and ultimately terminated after she complained to the Inspector General "about having been ordered to destroy County Documents." (*Id.* ¶¶ 84, 96.) In Count X, Brass alleges that Dunlap and Welch "violated Plaintiff's clearly established Fifth Amendment right to due process of law and equal protection of the laws when they terminated Plaintiff's employment in violation of the Collective Bargaining Agreement." (*Id.* ¶ 109.)

Whether a *Bivens* action is appropriate in this unique setting involving "a state employee working for a federal agent appointed pursuant to an agreed order under the direction of this court," (Dkt. No. 89 ("5/4/2011 Order") at 4), is an extremely complex judgment "about the best way to implement a constitutional guarantee." *Wilkie*, 551 U.S. 550. Additionally, as noted by Dunlap and Welch, any resolution of the *Bivens* question at issue in this case has the potential to invite or prohibit numerous additional lawsuits initiated by JTDC employees.

This court has made a concerted effort to carefully assess the rights and responsibilities of all parties affected by Dunlap's 2007 appointment. (In addition to previous orders entered in this case, *see Doe v. Cook County* (N.D. Ill. Case No. 99-3945) and *Coleman v. Cook County* (N.D. Ill. Case No. 10 C 2388).) At

present, two pending appeals have the potential to resolve significant issues in each of these cases. In *Doe v. Cook County* (N.D. Ill. Case No. 99-3945; 7th Cir. Case No. 10-2746), the Seventh Circuit ordered additional briefing after oral argument on February 17, 2011, addressing in part the district court's jurisdiction to appoint Dunlap in 2007. Supplemental briefing was completed on March 11, 2011, with additional authority cited by various parties through June 3, 2011. In *Coleman v. Cook County* (N.D. Ill. Case No. 10 C 2388; 7th Cir. Case No. 11-2669), the parties on appeal are currently addressing the question of whether Dunlap is entitled to absolute quasi-judicial immunity in connection with his employment decisions. Briefing in that case is scheduled to conclude on January 20, 2012.

In light of the pending appeals in *Coleman v. Cook County* and *Doe v. Cook County*, and the potential of each appeal to impact further litigation in this case, the court finds that a stay of this litigation is appropriate. The court further finds that staying this case will not prejudice either party, and is likely to maximize judicial efficiency in addressing the complex questions of law that have arisen in this unique context. Dunlap and Welch's motion to dismiss Brass's *Bivens* claims is denied without prejudice to renewing these arguments after further action by the United States Court of Appeals for the Seventh Circuit.

*James F. Holderman*

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|